**SO ORDERED.**

**SIGNED this 16 day of April, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| NANCY CLARK BELL, | CHAPTER 13 |
| DOUGLAS STAUFFER BELL, SR., | CASE NO. 11-08707-8-RDD |
| DEBTORS. | |

**ORDER DENYING MOTION TO RECONSIDER**
**OR VACATE ORDER GRANTING RELIEF FROM STAY**

Pending before the Court is the Motion to Reconsider or Vacate Order Granting Relief from Stay (the "Motion to Reconsider") filed by Douglas Stauffer Bell, Sr. and Nancy Clark Bell (the "Debtors") on February 27, 2012 and the Response to Motion to Reconsider or Vacate Order Granting Relief from Stay filed by National Auto Finance Company ("NAFC") on March 2, 2012. The Court conducted a hearing on April 3, 2012 in New Bern, North Carolina to consider the motion and the response.

On November 14, 2011, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. NAFC held a claim against the Debtors secured by a 2008 Nissan Titan (the "Vehicle"). On November 7, 2012, one week prior to the petition date, NAFC repossessed the

Vehicle. The Debtors' proposed plan, which lists NAFC's claim as $20, 230.00, proposed to "strip down" the claim to $11,125.00, which is the listed as the value of the Vehicle. On January 17, 2012, NAFC filed a Motion for, Among Other Things, Relief from the Automatic Stay (the "Motion for Relief"). The deadline within which to respond to NAFC's Motion for Relief was February 3, 2012. The certificate of service stated that the notice was sent to Debtors' counsel and the Debtors by United States mail. No response to NAFC's Motion for Relief was filed and on February 7, 2012, the Court entered the Order Granting Motion for, Among Other Things, Relief from the Automatic Stay. On February 22, 2012, the Vehicle was sold by NAFC at an auction sale.

The Debtors move the Court to set aside the order granting relief from the automatic stay. NAFC responds that the Motion to Reconsider is moot as the Vehicle was sold prior to the filing of the Motion to Reconsider.

Counsel for the Debtors, the Debtors, and counsel for NAFC appeared at the hearing on April 3, 2012. Debtors' counsel acknowledged his failure to timely respond to the Motion for Relief. He explained his untimeliness by stating that he was not reminded of the response deadline by his office staff. He represented that the Debtors did receive notice of the Motion for Relief. Debtors' counsel argues that this constitutes excusable neglect pursuant to Federal Rule of Civil Procedure 60(b).

NAFC contends the Debtors' motion is moot because it no longer has possession of the vehicle. NAFC argues that approximately 65 days after the Debtors' bankruptcy petition was filed, NAFC filed the Motion for Relief. NAFC contends that during this period the Debtors did not file a motion for turnover and further the Debtors failed to respond to the Motion for Relief. As a result, the Order granting the Motion for Relief was entered on February 7, 2012 and the Vehicle was rightfully sold at an auction sale on February 22, 2012.

At the hearing Mr. Bell testified that the Vehicle was repossessed on November 7, 2011. After the Vehicle was repossessed, he testified, that the Debtors contacted the owner of the repossession company who informed the Debtors that in his experience it would take approximately 4-6 months until NAFC picked up the vehicle from the repossession company. Mr. Bell testified that he relied upon the information given to him by the owner of the repossession company. Mr. Bell testified that he was served with the Motion for Relief and contacted his attorney once regarding the Vehicle and the Motion for Relief.

The Court treats the Motion to Reconsider as one brought pursuant to Federal Rule of Civil Procedure 60(b)(1). Bankruptcy Rule 9024 incorporates Rule 60(b). Rule 60(b) provides a party may be relieved from a final judgment, order, or proceeding based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. Pro. 60(b)(1). The party seeking relief under Rule 60(b) must show the motion is timely filed, the movant has a meritorious defense, and the opposing party would not be unfairly prejudiced by granting the proposed relief. *In re Canovali*, No. 09-05342-8-RDD, 2011 WL 307374 at *5 (Bankr. E.D.N.C. Jan. 27, 2011) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

Here the Court finds no grounds for justifying relief under Rule 60(b). The Court finds no conduct that would constitute excusable neglect. NAFC lawfully repossessed the Vehicle prior to the petition date. The standards of practice in this district would have required Debtors' counsel to make contact with NAFC and negotiate terms for a turnover of the Vehicle and if unsuccessful, file a motion for turnover. No motion for turnover was ever filed. Debtors' counsel had a second bite at the apple when he was served with the Motion for Relief. The Motion for Relief was served on

Debtors' counsel both by regular mail and electronically. Such inaction is inexcusable. Further the actions of the Debtors in relying upon the representations of the owner of the repossession company that it would be 4-6 months before NAFC picked up the vehicle, is a representation upon which the Debtors could not reasonably rely and which does not justify excusable neglect. Because the Debtors have failed to show excusable neglect, there are no grounds for justifying relief under Rule 60(b). A party is required to handle its legal affairs in a timely and diligent manner. *In re Harrelson Utilities, Inc.*, No. 09-02815-8-RDD at 8 (Bankr. E.D.N.C. April 6, 2012) (citing *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (finding a party that fails to act with diligence is unable to establish excusable neglect)).

Therefore, the Motion to Reconsider is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**